Dear Mr. Babin:
This office is in receipt of your request for an Attorney General's opinion based on the following factual information which you presented in your letter of March 17, 2004: A privately-owned and operated water system is operating in Ascension Parish. The Parish is considering the feasibility of acquiring, by purchase or expropriation, that private water system with the intention of operating that water system as a department of Ascension Parish. Alternatively, the Parish is considering the feasibility of creating a water district, with boundaries coterminous with the Parish. The purpose of the water district would be to acquire, by purchase or expropriation, and to operate, the same private water system.
In connection with the above facts, you have presented three questions. Those questions, and the Attorney General's response to those questions, are as follows:
Does the Parish of Ascension have the authority to acquire, by purchaseor expropriation, a private water system operating in Ascension Parish?
The Louisiana Constitution of 1974, at Article 1, Section 4(B), deals specifically with the expropriation of private property by public bodies, and states that:
 (B) Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question. In every expropriation, a party has the right to trial by jury to determine compensation, and the owner shall be compensated to the full extent of his loss. No business enterprise or any
 of its assets shall be taken for the purpose of operating that enterprise or halting competition with a government enterprise. However, a municipality may expropriate a utility within its jurisdiction. [Emphasis supplied].
Article 1, Section 4(B) does not prevent a parish governing authority from expropriating private property, such as private land needed for roads, servitudes, building sites, and the like. That legal authority is granted to parishes and municipalities in La.-R.S. 33:4621. However, while allowing expropriation of such property, Article 1, Section 4(B) explicitly prohibits the expropriation by a political subdivision of a business enterprise, such as a privately-owned and operated water service company, for the purpose of operating that enterprise or for halting competition with a government.
Article 1, Section 4(B) does authorize a municipality to expropriate a utility within its jurisdiction, but that authority does not extend to a parish government or to any other political subdivision.
As explained below, a parish has authority under R.S. 33:3811 to create a waterworks district, and the district so created has the authority under La.-R.S. 33:3815 to " . . . acquire by donation or purchase any existing waterworks system in the district." Thus, a parish government, usually and normally acting through a waterworks district which it has created, can obtain a privately — owned water system by purchase or donation, but it cannot obtain by expropriation a privately-owned water system for the purpose of operating that system as a part or department of the parish government.
Does the Parish of Ascension have the authority to create a waterdistrict with boundaries coterminous with the Parish?
La-R.S. 33:3811 provides that a police jury may divide its parish into one or more waterworks districts, may repeal any ordinance creating a waterworks district, may abolish a waterworks district in its entirety, or may alter the boundaries thereof; however, neither the existence of a district nor the territorial boundary of a district may be changed in any manner which impairs the obligations of an existing waterworks district. The statute further provides for the procedures to be followed in altering the existence or territorial limits of any waterworks district.
An alternate method of forming a waterworks district is provided by La.-R.S. 33.3814, which states that the parish governing authority shall form a waterworks district upon the petition of at least twenty-five percent of the landowners in a district. The petition sets forth the boundaries of the district and the names of the persons to be appointed as commissioners of the district.
Ascension Parish has the authority to divide the parish into one or more waterworks districts, of whatever size the governing authority selects, including a parish-wide district, subject to the requirements and restrictions of R.S. 33:3811.
Would such a water service district have the authority to acquire, bypurchase or expropriation, a private water system in the parish?
Generally, the authority and powers of waterworks districts are specified in La-R.S. 33:3815. Prior to its amendment in 1991, the original statute provided, in pertinent part, that,
 The waterworks district may expropriate property for any purpose that it may find necessary in the operation of its waterworks system, and may acquire by donation, purchase, or expropriation any existing waterworks system in the district." [Emphasis supplied].
In the 1991 Regular Session, R.S. 33:3815 was amended by Act No. 386 to delete the phrase "or expropriation" from the above language. The current version of R.S. 33:3815(A) now reads, in pertinent part, as follows:
 The waterworks district may expropriate property for any purpose that it may find necessary in the operation of its waterworks system, and may acquire by donation or purchase any existing waterworks system in the district." [Emphasis supplied].
The purpose and effect of the 1991 amendment was to remove the authority of a waterworks district to expropriate any existing waterworks district by expropriation, as confirmed by the Digest to Act No. 386, which states that: "Proposed law deletes the authority to expropriate any existing waterworks system in the district." The 1991 amendment also brought R.S. 33:3815 into compliance with the prohibition contained inLa.-Const. Article I, Section 4, prohibiting the expropriation of a business enterprise for the purpose of operating that enterprise or halting competition.
There is one exception to the amended R.S. 33:3815. Under a special statute, R.S. 38:3815.1, the Lafourche Water District may acquire an existing water system in the district by expropriation; however, that exception applies only to Lafourche Parish, and no other.
A waterworks district in Ascension Parish may obtain a private water system by either donation or purchase, but it may not obtain a private water system by expropriation.
If we may be of further assistance, please do not hesitate to contact the undersigned.
Very truly yours,
 CHARLES C. FOTI ATTORNEY GENERAL
 By: ______________________________ TERRY F. HESSICK Assistant Attorney General
CCF/TFH;mjb